IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RICHARD VILLARREAL JETT, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-13-CV-0757-XR |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Department | § | |
|  of Criminal Justice, | § | |
| Correctional Inst. Division, | § | |
| | § | |
| *Respondent*. | § | |
| | § | |

**ORDER**

On this day, the Court considered the Magistrate Judge's Report and Recommendation concerning Petitioner Richard Villarreal Jett's § 2254 motion to challenge his state court conviction. After careful consideration, the Court accepts the recommendation and DISMISSES the case.

**STANDARD OF REVIEW**

Any Report or Recommendation that receives an objection requires *de novo* review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). When conducting a *de novo* review, the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). Petitioner filed a response to the

Magistrate Judge's report, which the Court construes as objections. Accordingly, the Court will conduct a *de novo* review.

## BACKGROUND

On August 14, 2013, Petitioner Richard Jett filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jett was convicted of murder and is currently serving a 99-year sentence. He was sentenced on October 7, 2008, and the conviction was affirmed by the Texas Fourth Court of Appeals on May 12, 2010. A motion for rehearing was denied June 2, 2010, and Jett did not file a petition for discretionary review with the Texas Court of Criminal Appeals. Jett filed his state habeas application on October 29, 2011. The Texas Court of Criminal Appeals denied the application on April 11, 2012.

Jett challenges his conviction alleging that: (1) he received ineffective assistance of counsel at trial, (2) the state trial court improperly excluded Jett's doctor from testifying at the sanity/competency hearing, (3) he was precluded from calling character witnesses during the punishment phase, and (4) he was prevented from participating in voir dire. The Magistrate Judge concluded that Petitioner's § 2254 habeas application is barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations and recommended that the Court dismiss the petition. Jett objects to the Magistrate Judge's recommendation and presents several justifications as to why he did not comply with the AEDPA statute of limitations

## ANALYSIS

### A. Statute of Limitations

Under AEDPA, a one-year period of limitations applies to a § 2254 application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. §

2244(d). AEDPA describes four events which could trigger the limitations period, the date: (1) judgment became final, (2) a government-imposed impediment to filing was removed, (3) the constitutional right asserted was initially recognized by the Supreme Court, and (4) the factual predicate of the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Jett's conviction became final on July 3, 2010. He did not file a petition for discretionary review. Accordingly, limitations period began to run on July 3, 2010, and expired on July 3, 2011. The filing of a state habeas application tolls the limitations period. 28 U.S.C. § 2244(d). However, the limitations period had already expired when Jett filed his state habeas application in October 2011. 28 U.S.C. § 2244(d)(2). Consequently, the filing of the state habeas application does not affect the AEDPA's limitations period.

**B. Equitable Tolling**

The Supreme Court has held that the AEDPA limitations period is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). An individual seeking equitable tolling must show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 130 S.Ct. at 2562; *see also Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999) (equitable tolling is only appropriate in "rare and exceptional circumstances.").

In Jett's written objections, he provides several justifications as to why his § 2254 petition was untimely and why he should be entitled to equitable tolling. Jett indicates that he suffers from mental illness causing him to take several daily medications. Doc. No. 8. Jett argues that he experienced further delays due to administrative segregation and numerous unit

transfers, which contributed to the loss of his legal materials. *Id.* Finally, Jett asserts that he was provided inadequate access to the law library. *Id.* The Court addresses each potential justification in turn.

Mental incapacity may support equitable tolling "if the mental impairment precluded the prisoner from asserting his legal rights." *Fisher v. Johnson*, 174 F.3d 710, 715–716 (5th Cir. 1999). However, a claim of mental incapacity does not automatically entitle the petitioner to equitable tolling. *Id.* To qualify for equitable tolling, the prisoner must provide factual support for the assertion that his mental incompetency prevented him from asserting his legal rights. *See Smith v. Johnson*, 247 F.3d 240 (5th Cir. 2001) (equitable tolling is only appropriate in exceptional circumstances when the prisoner has presented sufficient facts to show that mental illness precluded him from asserting his rights). The petitioner must present facts "sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to his mental competency." *Dunn v. Johnson*, 162 F.3d 302, 306 (5th Cir. 1998).

Jett does not provide competent evidence of his mental incapacity. Jett's own assertions that he suffers from mental illness and takes daily medication are not sufficient evidence to prove that his mental incapacity precluded him from filing his petition within the AEDPA statute of limitations. In other words, Jett's conclusory allegations concerning his mental health did not "positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to his mental competency." *Id.* Accordingly, the Court does not find Jett's alleged mental illness a "rare and exceptional circumstance" meriting equitable tolling.

Jett further alleges that unit transfers, placement in administrative segregation, and the loss of his legal materials contributed to his filing delay. Jett fails to allege specific facts

4

regarding what legal materials were lost, when they were lost, and when they were returned. More notably, Jett fails to allege why the loss of his legal materials precluded him from filing either habeas petition. Similarly, Jett does not specify when he was transferred between units or placed on administrative segregation, and he fails to explain why these events precluded him from filing this § 2254 habeas petition. Accordingly, these impediments do not qualify as extraordinary circumstances warranting equitable tolling. *Madis v. Edwards*, 347 F.App'x. 106, 108 (5th Cir. 2009) (finding transfers between units, separation from legal materials, and administrative segregation are not rare or exceptional circumstances meriting equitable tolling).

Lastly, Jett alleges that inadequate access to the law library contributed to his untimely § 2254 habeas petition. To prevail on such claim, a prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a claim." *Krause v. Thaler,* 637 F.3d 558, 561 (5th Cir. 2011) (emphasizing the prisoner must factually demonstrate that the subpar library or access thereto actually prevented him from untimely filing his petition); *Egerton v. Cockrell* 334 F.3d 433, 437 (5th Cir. 2003) ("an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling"). Jett has failed to allege specific facts regarding why the prison's inadequate library or his lack of access thereto prevented him from filing a timely habeas application. Accordingly, Jett is not entitled to equitable tolling on this basis.

## CONCLUSION

The Court agrees with the Magistrate Judge's recommendation that the petition for writ of habeas corpus is time-barred. Furthermore, the Court finds that Petitioner has failed to allege

sufficient facts to support equitable tolling.  Accordingly, Jett's habeas petition is DISMISSED.

The Clerk is directed to enter judgment accordingly.


SIGNED this 16th day of October, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE